IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED COALITION OF REASON, INC.**                                        **PLAINTIFF**

vs.                              NO. 4-11-CV-0450JMM

**CENTRAL ARKANSAS TRANSIT AUTHORITY and**
**ON THE MOVE ADVERTISING, INC.**                                           **DEFENDANTS**

## RESPONSE TO MOTION FOR PRELEMINARY INJUNCTION

Separate Defendant, Central Arkansas Transit Authority (CATA), through its attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., for its Response to Plaintiff's Motion for Preliminary Injunction (Motion), states:

1.   CATA admits that this Court has jurisdiction over this matter.  CATA incorporates its Answer to Plaintiff's Complaint.  CATA denies all allegations in paragraph 1 of Plaintiff's Motion not specifically admitted.

2.   CATA admits that it is a government agency.  CATA denies the remaining allegations in paragraph 2 of Plaintiff's Motion.

3.   CATA denies that it negotiated with Plaintiff.  Upon information and belief, CATA admits that Plaintiff sought to lease space on CATA's buses from On The Move Advertising, Inc. (OTMA) for advertisements that stated, in addition to a website address, "Are you good without God?  Millions are."  CATA denies that Plaintiff negotiated in good faith.

4.   CATA lacks sufficient knowledge regarding whether Plaintiff reached a preliminary understanding with OTMA and, therefore, denies the allegations in paragraph 4 of Plaintiff's Motion.

5.   CATA admits the allegations in paragraph 5 of Plaintiff's Motion.

6. CATA admits the allegations in paragraph 6 of Plaintiff's Motion. CATA affirmatively asserts that all proposed advertisements are submitted by OTMA to CATA for approval and that CATA never rejected the Plaintiff's proposed advertisement.

7. CATA denies that Betty Wineland found the message of Plaintiff distasteful or that her response was directed to the suggestion in Plaintiff's advertisement. CATA admits the remaining allegations in paragraph 7 of Plaintiff's Motion.

8. CATA denies the allegations in paragraph 8 of Plaintiff's Motion.

9. CATA denies the allegations in paragraph 9 of Plaintiff's Motion.

10. CATA admits that it had never required an advertiser to place a deposit. CATA, however, affirmatively asserts that it does not negotiate with advertisers because CATA contracted with OTMA to lease advertising space, and OTMA negotiates with advertisers to lease that space. CATA denies that the requirement of a deposit was out of the ordinary. CATA admits that OTMA represented to Plaintiff that OTMA was legally responsible for any damage to the bus and graphics.

11. CATA denies that the requirement of a deposit by OTMA was either unreasonable, unorthodox, or unconstitutional. CATA lacks sufficient knowledge regarding whether Plaintiff indicated its agreement to deposit $10,000 in order to go forward with running the advertisement and, therefore, denies same.

12. CATA denies the allegations in paragraph 12 of Plaintiff's Motion.

13. CATA denies the allegations in paragraph 13 of Plaintiff's Motion.

14. CATA denies the allegations in paragraph 14 of Plaintiff's Motion.

15. CATA denies that it refused anything. CATA admits that Plaintiff's attorney contacted OTMA about the advertisement negotiations taking place between OTMA and Plaintiff.

16. CATA admits the allegations in paragraph 16 of Plaintiff's Motion. CATA affirmatively asserts that it did not participate in the creation of the email by the OTMA representative.

17. CATA admits that Lydia Robertson of OTMA drafted and sent the email as alleged in paragraph 17 of Plaintiff's Motion.

18. CATA admits that Lydia Robertson of OTMA drafted and sent the email as alleged in paragraph 18 of Plaintiff's Motion.

19. CATA denies the allegations in paragraph 19 of Plaintiff's Motion.

20. CATA denies that the threat of vandalism is overblown. CATA lacks sufficient knowledge regarding the remaining allegations in paragraph 20 of Plaintiff's Motion and, therefore, denies same.

21. CATA denies the allegations in paragraph 21 of Plaintiff's Motion.

22. CATA denies the allegations in paragraph 22 of Plaintiff's Motion.

23. CATA denies that it discriminated against Plaintiff on the basis of its message or any other reason. CATA denies, therefore, that it infringed on the First Amendment rights of Plaintiff.

24. CATA admits that OTMA is a private business who has contracted with CATA to lease advertising space from CATA and then lease that space to advertisers. CATA denies that OTMA is an agent of CATA. CATA lacks sufficient knowledge regarding the intent of OTMA's communications with Plaintiff and, therefore, denies that

the communications were designed to mislead Plaintiff as to the nature of OTMA's relationship with CATA.

25. To the extent that paragraph 25 of Plaintiff's Motion alleges that CATA violated Plaintiff's First Amendment rights, CATA denies the allegations.

26. CATA denies that a preliminary injunction is necessary or appropriate in this case.

27. CATA denies the allegations in paragraph 27 of Plaintiff's Motion.

28. Paragraph 28 of Plaintiff's Motion needs no response.

29. In support of its Response to Plaintiff's Motion for Injunction, CATA attaches the affidavit of Betty Wineland as CATA Exhibit 1.

30. CATA incorporates by reference its attached Brief in Support of its Response to Plaintiff's Motion for Preliminary Injunction.

31. CATA denies each and every allegation in Plaintiff's Motion not specifically admitted.

32. CATA reserves the right to plead further.

WHEREFORE, CATA respectfully requests this Court to deny Plaintiff's Motion for Preliminary Injunction and for all other relief to which it may be entitled.

Respectfully submitted,

Carolyn B. Witherspoon (Ark. Bar #78172)
Email:  cspoon@cgwg.com
J. E. Jess Sweere (Ark. Bar #05285)
Email:  jsweere@cgwg.com
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
P.O. Box 3178 (72203)
Little Rock, Arkansas 72201
Phone: (501) 371-9999
Fax: (501) 371-0035

By:  */s/ J. E. Jess Sweere*
 J. E. Jess Sweere

**ATTORNEYS FOR SEPARATE DEFENDANT CENTRAL ARKANSAS TRANSIT AUTHORITY**

**CERTIFICATE OF SERVICE**

I, J. E. Jess Sweere, hereby certify that on July 11, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

J. G. "Gerry" Schulze
Baker Schulze & Murphy
Email:  gschulze@b-s-m-law.com
11219 Financial Center Parkway, Suite 315
Little Rock, AR 72211

William Burgess
Appignani Humanist Legal Center
American Humanist Association
Email:  bburgess@americanhumanist.org
1777 T Street NW
Washington, DC 20009

Jason A. Stuart
Ball & Stuart, PLLC
Email:  Jason.Stuart@Ball-Stuart.com
415 N. McKinley St., Ste. 310
Little Rock, AR 72205

*/s/ J. E. Jess Sweere*
J. E. Jess Sweere