IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED COALITION OF REASON, INC.**                                              **PLAINTIFF**

vs.                               NO. 4-11-CV-0450JMM

**CENTRAL ARKANSAS TRANSIT AUTHORITY and
ON THE MOVE ADVERTISING, INC.**                                              **DEFENDANTS**

**BRIEF IN SUPPORT OF RESPONSE
TO MOTION FOR PRELEMINARY INJUNCTION**

Separate Defendant, Central Arkansas Transit Authority (CATA), through its attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., for its Brief in Support of its Response to Plaintiff's Motion for Preliminary Injunction (Motion), states:

## I.  INTRODUCTION

Plaintiff, United Coalition of Reason, Inc., seeks a preliminary injunction requiring CATA to refrain from discriminating against Plaintiff.  CATA has not discriminated against Plaintiff, so an injunction is not necessary.

## II.  FACTS

An agent for Plaintiff contacted Separate Defendant On The Move Advertising, Inc. (OTMA) in or around February, 2011, seeking to place advertisements on CATA vehicles.  (Doc. 2, Plaintiff's Ex. 1 at p. 46).  The proposed advertisements listed a website address and stated, "Are you good without God?  Millions are." (Wineland Affidavit, CATA Ex. 1 at ¶ 4.)  OTMA, while negotiating terms for placing the advertisements with Plaintiff's agent, contacted CATA seeking approval of the artwork, and notified CATA that the advertisements were subject to vandalism in other markets. (*Id*. at ¶ 5).  CATA advised OTMA that the advertisements were acceptable and

reminded OTMA of its contractual responsibility to repair damage done as a result of vandalism directed at the advertisements. (*Id.* at ¶ 6). OTMA attempted to negotiate acceptable terms, which included a reasonable and refundable damage deposit, with Plaintiff's agent, but was unsuccessful. (Doc. 2, Plaintiff's Ex. 1 at p. 47). CATA did not participate in the negotiations between OTMA and Plaintiff's agent. (CATA Ex. 1 at ¶ 7).

Plaintiff alleges that OTMA is an agent of CATA and that its actions "can be fairly attributed to the state." (Doc. 3, Brief in Support of Motion for Injunction at p. 6). OTMA, however, is not an agent of CATA. OTMA is a private entity that contracted to lease advertising space on CATA vehicles and, in turn, leases that space to advertisers. CATA's role when advertisers seek to place advertisements with OTMA is to accept or reject the artwork presented by the advertiser to OTMA. (Ex. 1 at ¶ 10). CATA did not reject Plaintiff's advertisements. (*Id.* at ¶ 8). CATA, however, has no authority to force OTMA to enter into a contractual relationship with any advertiser on terms that OTMA finds unacceptable. Plaintiff alleges that "CATA and OTMA engaged in the decision-making process regarding [Plaintiff] together." (Doc. 3, Brief in Support of Motion for Injunction at p. 7). The allegation is false; CATA did not participate in OTMA's negotiations with Plaintiff and never rejected Plaintiff's advertisements. (CATA Ex. 1 at ¶ 7–8).

**ARGUMENT**

**A.     Plaintiff's Allegations**

Plaintiff alleges that CATA somehow colluded with OTMA to refuse Plaintiff's advertisements. The allegations are false. Plaintiff points to emails generated by

OTMA as evidence of the alleged collusion, but a close review of the emails shows that there was no collusion. For example, Plaintiff states that CATA's Executive Director, Betty Wineland (Wineland), "found the message of Plaintiff distasteful." (Doc. 3, Brief in Support of Motion for Injunction at p. 3). Plaintiff makes this inaccurate conclusion based on Wineland's initial response to the request to place advertisements that had generated vandalism in other markets.[1] (*Id.*). Plaintiff conveniently fails to point out, however, that Wineland approved the proposed advertisements the following day. (CATA Ex. 1 at ¶ 6). It is hardly likely, and in fact incorrect, that Plaintiff's alleged grand conspiracy was concocted in less than one (1) day. CATA did not reject the advertisements and did not attempt to prevent the advertisements from running. (*Id.* at ¶ 8–9).

Plaintiff alleges that "CATA never intended to accept [Plaintiff's] advertisement, but rather hoped that its onerous and burdensome additional conditions would cause [Plaintiff] to abandon the project." (Doc. 3, Brief in Support of Motion for Injunction at p. 3). Plaintiff, again, jumps to this conclusion by falsely interpreting communication generated, not by CATA, but by OTMA. Plaintiff states, "CATA had never required an advertiser to place a deposit before." (*Id.* (citing Plaintiff's Ex. 1 at p. 52)). CATA, of course, did not request a deposit from Plaintiff, because CATA did not participate in the negotiations with Plaintiff. (CATA Ex. 1 at ¶ 7). Plaintiff points out, correctly this time, that "OTMA represented to [Plaintiff] that OTMA was legally responsible for any damage to bus and graphics," but refers to the representation as a "ruse." (Doc. 3, Brief in

---

[1] Wineland's initial response was "I need Him now more than ever. Good grief. I think we need to throw religion into the advertising policy – as a negative. Stall while CATA reviews." (Doc. 2, Plaintiff's Ex. 1 at p. 46).

183177

3

Support of Motion for Injunction at p. 4). This was no "ruse." This representation, rather, was correct. (CATA Ex. 1 at ¶ 6).

Finally, Plaintiff points to an email generated by Lydia Robertson of OTMA on March 10, 2011, as its crowning evidence of this so-called conspiracy. (Doc. 3, Brief in Support of Motion for Injunction at p. 4–5). Plaintiff, again very conveniently, fails to point out some important facts about this email. First, CATA had nothing to do with the creation of the email. Second, the purported email that Robertson discussed in the March 10, 2011 email was never sent to Plaintiff.[2] If CATA and OTMA were participating in Plaintiff's supposed grand conspiracy, certainly the alleged conspirators would have gone ahead with sending the email. Plaintiff acts as if the email were actually sent, and concludes, "That email demonstrates that OTMA entered into a conspiracy with CATA to deprive [Plaintiff] of access to advertising on CATA's buses." (*Id.* at p. 5). The conclusion, although convenient for Plaintiff, is incorrect.

Plaintiff, throughout the remainder of its Brief, refers to "CATA and OTMA" as if the two separate entities were one. It takes more than an unsent email to form a merger of that magnitude.

**B.     Public Forum**

Plaintiff goes to great length in its Brief, although it provides no evidence, arguing that CATA's advertising space is a designated public forum. (Doc. 3, Brief in Support of Motion for Injunction at pp. 7–13). Whether the advertising space is or is not a designated public forum, however, is not relevant, because CATA never rejected Plaintiff's advertisements. CATA stands ready to place the advertisements on its

---

[2] Plaintiff also fails to point out that the email was generated by Lydia Robertson in the middle of the night in response to a threatening email from Plaintiff's counsel that made several false allegations. (Doc. 2, Plaintiff's Ex. 1 at p. 54).

183177                                      4

vehicles, and did before suit was filed, if a suitable contract is arranged between Plaintiff and OTMA. (CATA Ex. 1 at ¶ 11). As stated above, CATA did not participate in the negotiations between OTMA and Plaintiff. No injunction is necessary to force CATA to do something it has not refused to do.

**C.     OTMA's Actions are not attributable to CATA**

Plaintiff alleges that the actions of OTMA, a private business, are fairly attributable to the State because of OTMA's relationship with CATA. (Doc. 3, Brief in Support of Motion for Injunction at pp. 14–23). "'Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.'" *Loughead v. Olson*, 2010 U.S. Dist. LEXIS 95309, *8 (D.N.D. 2010) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 841, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)). A private entity can be considered a state actor, however, under certain circumstances. As the Eighth Circuit held:

> The one unyielding requirement is that there be a close nexus not merely between the state and the private party, but between the state and the alleged deprivation itself. No such nexus exists where a private party acts with the mere approval or acquiescence of the state, but a private entity may be considered a state actor if it has acted together with or has obtained significant aid from state officials in furtherance of the challenged action.

*Wickersham v. City of Columbia, Mo.*, 481 F.3d 591, 597 (8th Cir. 2007). Plaintiff alleges that such a relationship exists between CATA and OTMA, and bases its allegations almost entirely on an unsolicited email sent by Lydia Robertson of OTMA to CATA Executive Director Betty Wineland. (Doc. 2, Plaintiff's Ex. 1 at pp. 53–54). Plaintiff draws several conclusions from this unsolicited email, most notably that some conspiracy existed between OTMA and CATA to deny Plaintiff the opportunity to

advertise on CATA vehicles. Simply stated, no such conspiracy existed, as CATA played no part in the negotiations between OTMA and Plaintiff, other than to state that the advertisements were acceptable.[3] (CATA Ex. 1 at ¶ 7–8, 12). In no way did CATA provide "significant aid" or work together with OTMA. (*Id.* at ¶ 12). As it has repeatedly stated, CATA stands ready to place Plaintiff's advertisements on its vehicles if acceptable terms are worked out between Plaintiff and OTMA. (*Id.* at ¶ 11). The actions of OTMA, therefore, are not fairly attributable to CATA.

D.   **An Injunction is neither Appropriate nor Necessary**

Plaintiff seeks an injunction ordering CATA to "provide access to the plaintiff at the reasonable and customary rates and without any conditions that are not imposed on every other purchaser of advertising." (Doc. 3 at p. 23). "[A]pplications for preliminary injunctions … are generally measured against the standards set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)." *Pro Edge, L.P. v. Gue*, 374 F.Supp.2d 711, 734 (N.D.Iowa 2005) (citing *Doctor John's, Inc. v. City of Sioux City, Iowa*, 305 F.Supp.2d 1022, 1033–34 (N.D.Iowa 2004); *Branstad v. Glickman*, 118 F.Supp.2d 925, 937 (N.D.Iowa 2000); *Uncle B's Bakery, Inc. v. O'Rourke*, 920 F.Supp. 1405, 1411 (N.D.Iowa 1996)). "These factors include (1) the movant's probability of success on the merits, (2) the threat of irreparable harm to the movant absent the injunction, (3) the balance between the harm and the injury that the injunction's issuance would inflict on other interested parties, and (4) the public interest." *Id.* (citing *Dataphase*, 640 F.2d at 114)). Plaintiff has not established that it is likely to

---

[3] Plaintiff incorrectly alleges that "Wineland wrote Shaun Barbeau agreeing to accept the artwork with 'caveats,'" and that "Wineland informed Barbeau that she would require a refundable security deposit in advance." (Doc. 3, Plaintiff's Brief in Support of Motion for Injunction at p. 15). Wineland did not participate in the negotiations with Plaintiff's agent. (CATA Ex. 1 at ¶ 7). This is just another example of Plaintiff's practice of jumping to conclusions and making unfounded allegations.

183177                                                         6

succeed on the merits and has not established a threat of irreparable harm without an injunction.

In order to succeed on the merits, Plaintiff must prove that CATA, acting on its own or through an agent, somehow deprived Plaintiff of its First Amendment rights. Plaintiff has not alleged that CATA acted on its own, as CATA never rejected Plaintiff's proposed advertisements. As stated above, the actions of OTMA cannot be fairly attributed to CATA. Plaintiff, therefore, is not likely to succeed on the merits.

CATA accepted the advertising initially and continues to stand ready to accept the advertising. (CATA Ex. 1 at ¶ 7, 11). Because CATA will accept the advertising, there is no threat of irreparable harm. An injunction ordering CATA to do what it has already done is, much like this entire lawsuit, completely unnecessary.

### III. CONCLUSION

For the reasons stated, CATA respectfully requests this Court to deny Plaintiff's Motion for Preliminary Injunction and for all other relief to which it may be entitled.

Respectfully submitted,

Carolyn B. Witherspoon (Ark. Bar #78172)
Email:  cspoon@cgwg.com
J. E. Jess Sweere (Ark. Bar #05285)
Email:  jsweere@cgwg.com
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
P.O. Box 3178 (72203)
Little Rock, Arkansas 72201
Phone: (501) 371-9999
Fax: (501) 371-0035

By:  */s/ J. E. Jess Sweere*
　　J. E. Jess Sweere

**ATTORNEYS FOR SEPARATE DEFENDANT
CENTRAL ARKANSAS TRANSIT AUTHORITY**

## CERTIFICATE OF SERVICE

I, J. E. Jess Sweere, hereby certify that on July 11, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

J. G. "Gerry" Schulze
Baker Schulze & Murphy
Email:  gschulze@b-s-m-law.com
11219 Financial Center Parkway, Suite 315
Little Rock, AR 72211

William Burgess
Appignani Humanist Legal Center
Email:  bburgess@americanhumanist.org
1777 T Street NW
Washington, DC 20009

Jason A. Stuart
Ball & Stuart, PLLC
Email: Jason.Stuart@Ball-Stuart.com
415 N. McKinley St., Ste. 310
Little Rock, AR 72205

　　　　　　　　　　　　　　　*/s/ J. E. Jess Sweere*
　　　　　　　　　　　　　　　J. E. Jess Sweere